**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ELIZABETH ROWLAND,
Plaintiff,

vs.

PARIS LAS VEGAS, CAESARS ENTERTAINMENT OPERATING COMPANY, INC., and DOES 1 to 25, inclusive,
Defendants.

Case No. 3:13-cv-02630-GPC-DHB

**ORDER:**

**1) GRANTING DEFENDANT CAESARS ENTERTAINMENT OPERATING COMPANY, INC.'S MOTION TO DISMISS**

[Dkt. No. 3.]

**2) VACATING MOTION HEARING**

## INTRODUCTION

Presently before the Court is Specially Appearing Defendant Caesars Entertainment Operating Company, Inc.'s ("Defendant") Motion to Dismiss for lack of personal jurisdiction. (Dkt. No. 3.) The parties have fully briefed the motion. (Dkt. Nos. 5, 6.) The motion is submitted on the papers without oral argument, pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court GRANTS Defendants' Motion.

//

## BACKGROUND

On September 6, 2013, Plaintiff Elizabeth Rowland ("Plaintiff") filed a complaint against Paris Las Vegas and Caesars Entertainment Operating Company, Inc. in California Superior Court. (Dkt. No. 1, Ex. 3 "Compl.") Plaintiff's Complaint alleges two state causes of action: (1) premises liability; and (2) general negligence. (Compl. at 3.) Plaintiff alleges slipping upon a substance on the tile flooring at the Paris Las Vegas Hotel in Las Vegas, Nevada, on May 16, 2013, causing her to fall and sustain personal injuries. (Compl. at 5.) Plaintiff alleges receiving substantial medical treatment for her injuries in San Diego County. (Compl. at 2.)

On October 31, 2013, Defendant Caesars Entertainment Operating Company, Inc. filed a notice of removal, removing the present action to federal court based on diversity jurisdiction. (Dkt. No. 1, Notice of Removal.) On November 7, 2013, Defendant filed the present motion to dismiss or transfer venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). (Dkt. No. 3.)

## LEGAL STANDARD

The exercise of personal jurisdiction over a nonresident defendant must be authorized under both state and federal law. St. Ventures, LLC v. KBA Assets & Aquisitions, LLC, 1:12-CV-01058-LJO, 2013 WL 1749901 at *3 (E.D. Cal. Apr. 23, 2013). California's long-arm statute is coextensive with the limits of due process set by the United States Constitution. Cal. Civ. Proc. Code § 410.10. Thus, "the jurisdictional analyses under state law and federal due process are the same." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011), cert. denied, 132 S. Ct. 1101 (2012).

Due process requires that a defendant "must have 'certain minimum contacts' with the relevant forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Mavrix Photo, 647 F.3d at 1223 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

The type of minimum contacts required to exercise personal jurisdiction over a

nonresident defendant may be "specific" or "general" in nature. A court may have general jurisdiction over a defendant where "the defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters." St. Ventures, 2013 WL 1749901 at *3. Specific jurisdiction, on the other hand, "arises out of the defendant's contacts with the forum giving rise to the subject of the litigation" and only applies to the case at issue. Id.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that jurisdiction is proper. Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 671-72 (9th Cir. 2012). However, in the absence of an evidentiary hearing, the plaintiff need only make a "'prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" Id. (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). Uncontroverted allegations in the complaint must be taken as true. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). All disputed facts must be resolved in favor of the plaintiff. Washington Shoe, 704 F.3d at 671-72.

## DISCUSSION

### I. Requests for Judicial Notice and Objections to Evidence

The Federal Rules of Evidence provide that judicial notice may be taken of adjudicative facts. See Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. See Fed. R. Evid. 201(b). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)

(citing 21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994)).

**a. Plaintiff's request for judicial notice**

Plaintiff requests judicial notice of two documents: (1) the California Secretary of State Business Entity Detail for Caesars Entertainment Operating Company, Inc.; and (2) the U.S. District Court opinion in Day v. Harrah's Hotel & Casino Las Vegas, 2010 U.S. Dist. LEXIS 116817. (Dkt. No. 5-5.) The content of records of administrative bodies are proper subjects for judicial notice under Rule 201(d), Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953), as are court filings and other matters of public record, Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Since Defendant does not dispute judicial notice of Plaintiff's documents, and the documents are properly subject to judicial notice, the Court GRANTS Plaintiff's request for judicial notice.

**b. Defendant's requests for judicial notice**

Defendant requests judicial notice of two documents in support of its motion to dismiss: (1) Plaintiff's Complaint; and (2) a declaration executed by Duane Holloway and filed in the matter of Florida Girmai v. Rincon Band of Luiseno Indians, et al., No. 11-cv-2567 JLS (POR) (S.D. Cal.). Defendant further submits a supplemental request for judicial notice in support of its reply brief seeking judicial notice of orders in six cases before district courts in California. (Dkt. No. 6-1.)

Judicial notice of court records is routinely accepted. See, e.g., Reyn's Pasta Bella, LLC, 442 F.3d at 746 n.6; Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635, n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.). Accordingly, the Court GRANTS Defendant's requests for judicial notice. However, although the Court "may take judicial notice of the existence of unrelated court documents . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." In re Bare Escentuals, Inc. Sec. Lit., 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (in considering defendant's motion to dismiss, the court noticed the existence of unrelated court

documents, but would not take judicial notice of the documents for the truth of the matter asserted therein); see also McMunigal v. Bloch, No. C 10-02765 SI, 2010 WL 5399219, *2 n. 1 (N.D. Cal. Dec. 23, 2010) (granting judicial notice of documents filed in another lawsuit for purposes of noticing the existence of the lawsuit, claims made in the lawsuit, and that various documents were filed, but not for the truth of the matters asserted therein).

Here, Defendant seeks to introduce the declaration of Duane Holloway, filed in an unrelated case, to support Defendant's claims that Caesars Entertainment Operating Company, Inc. does not have contacts with California. (See Dkt. No. 3-1 at 3, 8, 10, 13.) Holloway's declaration discusses the relationship between the Rincon San Luiseno Band of Mission Indians and the Caesars Entertainment Corporation. (Dkt. No. 3-4.) Similarly, Defendant requests judicial notice of orders in six cases before California state and federal courts that purportedly "evidence that Harrah's Rincon Casino & Resort is owned and operated by the Rincon Band of San Luiseno Indians - a tribal sovereign nation." (Dkt. No. 6 at 4.) Although the Court takes notice that the Holloway declaration and miscellaneous court orders were filed in their respective cases, the Court declines to take judicial notice of the declaration or orders for the truth of the relationship, or lack thereof, between Harrah's Rincon Casino and Resort, the Rincon Band of San Luiseno Indians, or the Caesars Entertainment Corporation. See In re Bare Escentuals, Inc. Sec. Lit., 745 F. Supp. 2d at 1067.

**c. Defendant's objections to evidence**

Defendant raises numerous objections to Plaintiff's declarations and supporting exhibits, and moves to strike the declarations and exhibits in their entirety. The Court has reviewed Defendant's evidentiary objections and declines to discuss each objection individually. Except as specifically discussed below, the Court overrules the objections and denies Defendant's motions to strike. (Dkt. Nos. 6-4, 6-5, 6-6.)

//

//

## II. Motion to Dismiss

Plaintiff asserts the Court may exercise both general and specific jurisdiction over each Defendant, whereas Defendants contend personal jurisdiction does not exist under either standard. For the reasons set forth below, the Court finds that Plaintiff has not met her burden of making a prima facie showing of jurisdiction. Accordingly, the Court GRANTS Defendant's motion to dismiss.

### a. General Jurisdiction

General personal jurisdiction enables a court to hear cases unrelated to the defendant's forum activities if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986). Ordinarily, "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001). However, a subsidiary's contacts may be imputed to the parent where the subsidiary acts as either the "alter ego" or "general agent" of the parent. See Bauman v. DaimlerChrysler Corp., 644 F.3d 909, 920 (9th Cir. 2011), cert. granted, 133 S. Ct. 1995 (2013); Unocal, 248 F.3d at 926-28.

The alter ego test is predicated upon a showing of parental control over the subsidiary, and is satisfied when (1) "there is such a unity of interest and ownership that the separate personalities of the two entities no longer exist," and (2) "failure to disregard their separate identities would result in fraud or injustice." Bauman, 644 F.3d at 920.

The agency test, on the other hand, is predicated upon the subsidiary's special importance to the parent corporation. Unocal, 248 F.3d at 928. "Our starting point for the sufficient importance prong is that a subsidiary acts as an agent if the parent would undertake to perform the services itself *if it had no representative at all* to perform them." Bauman, 644 F.3d at at 921 (emphasis in original). The agency test also

requires the parent corporation to maintain a level of control over its subsidiary. Id. at 922-23. However, the parent corporation need not actually exercise control over its subsidiary, as long as the parent corporation has the right to do so. Id.

Here, the parties agree that Defendant Caesars Entertainment Operating Company is a Delaware Corporation with its principal place of business in Las Vegas, Nevada. (Dkt. No. 3-1 at 8; Dkt. No. 5-4, Notice of Lodgment Ex. 1.) To support her claim that Defendant is subject to the Court's general jurisdiction, Plaintiff seeks to introduce exhibits to the Declaration of Daniel J. Williams containing images of various websites and brochures downloaded from the internet. (Dkt. No. 5-3; Dkt. No. 5-4 Exs. 2-13.) The exhibits purportedly establish Defendant's "ownership, management, and operational control over the Harrah's Rincon hotel and casino in Valley Center, California." (Dkt. No. 5 at 4.)

However, the web pages provided by Plaintiff supply only unauthenticated hearsay. Plaintiff has not established that the websites from which the screenshots and reports were taken are owned or maintained by Defendant, nor that the information from the websites is accurate. See Century 21 Real Estate LLC v. San Vicente Real Estate Services, Inc., No. 11cv2381WQH(WVG), 2012 WL 6161969, *2 (S.D. Cal. Dec. 11, 2012) (Hayes, J.). Accordingly, Plaintiff has not established that Caesars Entertainment Operating Company owns, manages, or operates the Harrah's Rincon hotel and casino in Valley Center, California to justify the assertion of general jurisdiction over Defendant.

**b. Specific Jurisdiction**

Plaintiff also claims this Court may exercise specific jurisdiction over Defendant Caesars Entertainment Operating Company, Inc. (Dkt. No. 5 at 5.) The Ninth Circuit employs a three-part test to determine whether a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails

> himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Washington Shoe, 704 F.3d at 672. In analyzing whether the assertion of specific jurisdiction over a given defendant would be justified, the plaintiff has the burden of satisfying the first two prongs of the test. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff does so, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. Id.

The Court finds that Plaintiff has not made a prima facie showing to establish that Caesars Entertainment Operating Company, Inc. is subject to this Court's specific jurisdiction. Under the first prong of the specific jurisdiction test, Plaintiff must establish that Defendant either purposefully availed themselves of the privilege of conducting activities in California or purposefully directed their activities toward California. Schwarzeneggar v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Although contacts must be more than random, fortuitous, or attenuated, contacts that are "isolated" or "sporadic" may support specific jurisdiction if they create a "substantial connection" with the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 461, 472-73 (1985). "[I]f the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir.1986)

Here, Plaintiff submits a declaration stating that she has been a member of the Harrah's "Total Rewards program" for "several years." (Dkt. No. 5-1, "Rowland Decl." ¶ 3.) Plaintiff declares she and Carol Holcombe periodically stay and/or gamble at Harrah's Rincon Hotel and Casino in Valley Center, California. (Rowland Decl. ¶ 2.)

In addition, Plaintiff submits the declaration of Carol Holcombe, stating that Holcombe also earned Total Reward "points" primarily by gambling in Valley Center. (Dkt. No. 5-2, "Holcombe Decl." ¶¶ 3-4.) Holcombe further declares that her "executive casino host" at Harrah's Rincon Hotel and Casino arranged for the complimentary room for Plaintiff and herself at the Paris Las Vegas hotel and casino. (Holcombe Decl. ¶ 5.)

Plaintiff argues this case is similar to Day v. Harrah's Hotel & Casino, No. 10cv1746-WQH-JMA, 2010 WL 4568686 (S.D. Cal. Nov. 2, 2010) (Hayes, J.), in which the court found that the defendant Las Vegas hotel had purposefully availed itself of California markets. In Day, the plaintiffs offered affidavits stating that the defendant Harrah's Hotel and Casino Las Vegas had actively participated in a Total Rewards program with Harrah's Rincon Hotel and Casino in Valley Center, California. 2010 WL 4568686 at * 5. However, the plaintiffs in Day also submitted affidavits stating that the defendant Las Vegas hotel also: (1) encouraged California customers to play in California in order to earn points that could be redeemed in Las Vegas; and (2) advertised the "hot stone massage" that injured the plaintiff in that case at the California Rincon hotel.

Here, neither the Complaint nor Plaintiff's submitted declarations link Defendant's participation in the Total Rewards program to the complimentary room in which Plaintiff was injured in Las Vegas. Furthermore, Plaintiff does not allege Defendant advertised in California or solicited California customers. See Day, 2010 WL 4568686. Although the Court takes the allegations in Plaintiff's Complaint and declarations as true at this stage of the litigation, AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996), the Court finds that Plaintiff has not met her burden of demonstrating that Defendant has purposefully directed its activities in California nor purposefully availed itself of California markets. Accordingly, Plaintiff has not demonstrated that Defendant Caesars Entertainment Operating Company, Inc. is subject to the general or specific jurisdiction of this Court.

//

**CONCLUSION**

For the foregoing reasons, the Court hereby **ORDERS**:

1. Defendants' Motion to Dismiss is **GRANTED**. (Dkt. No. 3.)
2. Defendant's Motion to Transfer Venue is **DENIED AS MOOT**. (Dkt. No. 3.)
3. Plaintiff is granted **LEAVE TO AMEND** the Complaint within thirty (30) days from the date this Order is electronically docketed.
4. The hearing date for this motion scheduled for Friday, February 28, 2014 is **VACATED**.

**IT IS SO ORDERED.**

DATED: February 25, 2014

HON. GONZALO P. CURIEL
United States District Judge