1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

ELIZABETH ROWLAND,

                           Plaintiff,

12

13

vs.

14

15

16

PARIS LAS VEGAS, CAESARS ENTERTAINMENT OPERATING COMPANY, INC., and DOES 1 to 25, inclusive,

17

18

19

                           Defendants.

Case No. 3:13-cv-02630-GPC-DHB

**ORDER:**

**1) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

[Dkt. No. 11.]

**2) VACATING MOTION HEARING**

20

21

**INTRODUCTION**

22

     Presently before the Court is a Motion to Dismiss Plaintiff Elizabeth Rowland's

23

("Plaintiff") First Amended Complaint for lack of personal jurisdiction filed by

24

Specially Appearing Defendants Caesars Entertainment Corporation and Paris Las

25

Vegas Operating Company, LLC[1].  (Dkt. No. 11.)  The parties have fully briefed the

26

27

28

    [1]The motion states that it is filed by Paris Las Vegas Operating Company, LLC, (erroneously named herein as Paris Las Vegas Propco, LLC). As discussed below, the Court addresses Defendants' motion to dismiss for lack of personal jurisdiction in relation to the Defendants named in the FAC.

motion. (Dkt. Nos. 13, 14.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court DENIES Defendants' Motion.

**BACKGROUND**

### I.      Plaintiff's Allegations

This action arises out of Plaintiff's May 2013 visit to the Paris Las Vegas Hotel and Casino in Las Vegas, Nevada ("Paris Las Vegas Hotel"). (Dkt. No. 8, "FAC" ¶¶ 10, 15.) Plaintiff alleges slipping upon a "clear filmy substance" substance on the tile flooring at the Paris Las Vegas Hotel on May 16, 2013, causing her to fall and sustain personal injuries including a broken hip. (FAC ¶ 15.) Plaintiff alleges her injuries "will result in some permanent disability to her," and that the injuries "have caused, and will continue to cause, Plaintiff great mental, physical, and nervous pain and suffering." (FAC ¶ 20.)

### II.     Procedural History

On September 6, 2013, Plaintiff Elizabeth Rowland ("Plaintiff") filed a complaint against Paris Las Vegas and Caesars Entertainment Operating Company, Inc. in California Superior Court. (Dkt. No. 1, Ex. 3 "Compl.") On March 26, 2014, Plaintiff filed a First Amended Complaint ("FAC") alleging one cause of action for negligence. (Dkt. No. 8, FAC.) The FAC identifies Defendant "Paris Las Vegas," upon information and belief, as "Paris Las Vegas Propco, LLC." (FAC ¶ 4.)      On June 26, 2014, Defendants filed the present motion to dismiss or transfer venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). (Dkt. No. 11.)

### III.    Jurisdictional Allegations

Plaintiff is a resident of the County of San Diego, California. (FAC ¶ 1.) Plaintiff alleges Defendant Caesars Entertainment Corporation operates the Harrah's Rincon Hotel and Casino in Valley Center, California and is the 100% direct owner of Defendant Paris Las Vegas Propco, LLC. (FAC ¶¶ 3, 4.) Plaintiff alleges Defendant

Caesars Entertainment Corporation started an "industry revolutionizing" Total Rewards loyalty program in 1997 designed to market cross-property play to a "large and recurring customer base in California" between the Harrah's Rincon Hotel and Casino in Valley Center, California and the Paris Las Vegas Hotel in Las Vegas, Nevada. (FAC ¶ 6.)

Plaintiff further alleges frequenting the Harrah's Rincon Hotel and Casino "at all times herein mentioned, and particularly for the last few calendar years." (FAC ¶ 13.) According to Plaintiff, she was and is a member of the Total Rewards loyalty program, earning "points" toward the program by staying and/or gambling at the Harrah's Rincon Hotel and Casino. (Id.) Plaintiff alleges receiving frequent announcements, advertisements, and offers to redeem Total Reward loyalty program points at Caesars hotel and casino properties, including the Paris Las Vegas Hotel and Casino in Las Vegas, Nevada. (Id.) Plaintiff alleges the room she stayed at in the Paris Las Vegas Hotel and Casino on May 16, 2013 was given to her on a complimentary basis, arranged for by Joseph Izidoro, Executive Casino Host at Harrah's Rincon Hotel and Casino in Valley Center, California. (FAC ¶ 14; Dkt. No. 13-3, Holcombe Decl. ¶ 5; Dkt. No. 13-4, Holcombe Decl. ¶ 5.)

## LEGAL STANDARD

The exercise of personal jurisdiction over a nonresident defendant must be authorized under both state and federal law. St. Ventures, LLC v. KBA Assets & Acquisitions, LLC, 1:12-CV-01058-LJO, 2013 WL 1749901 at *3 (E.D. Cal. Apr. 23, 2013). California's long-arm statute is coextensive with the limits of due process set by the United States Constitution. Cal. Civ. Proc. Code § 410.10. Thus, "the jurisdictional analyses under state law and federal due process are the same." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011), cert. denied, 132 S. Ct. 1101 (2012).

Due process requires that a defendant "must have 'certain minimum contacts' with the relevant forum such that the maintenance of the suit does not offend

'traditional notions of fair play and substantial justice.'" <u>Mavrix Photo</u>, 647 F.3d at 1223 (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)).

The type of minimum contacts required to exercise personal jurisdiction over a nonresident defendant may be "specific" or "general" in nature.  A court may have general jurisdiction over a defendant where "the defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters." <u>St. Ventures</u>, 2013 WL 1749901 at *3.  Specific jurisdiction, on the other hand, "arises out of the defendant's contacts with the forum giving rise to the subject of the litigation" and only applies to the case at issue. <u>Id.</u>

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that jurisdiction is proper. <u>Washington Shoe Co. v. A-Z Sporting Goods Inc.</u>, 704 F.3d 668, 671-72 (9th Cir. 2012).  Each defendant's contacts with the forum state must be considered individually, unless the plaintiff establishes the defendant's actions are reasonably attributable to the other defendants. <u>SDS Korea Co., Ltd. v. SDS USA, Inc.</u>, 732 F. Supp. 2d 1062, 1071 (S.D. Cal. 2010) (citing <u>Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.</u>, 880 F. Supp. 743, 750-51 (C.D. Cal. 1995)). In the absence of an evidentiary hearing, the plaintiff need only make a "'prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" <u>Id.</u> (quoting <u>Pebble Beach Co. v. Caddy</u>, 453 F.3d 1151, 1154 (9th Cir. 2006)).

Under this prima facie burden of proof, the plaintiff need only establish facts, through admissible evidence, that if true would support personal jurisdiction over the defendant. <u>See</u> <u>Ballard v. Savage</u>, 65 F.3d 1495, 1498 (9th Cir. 1995) (citing <u>Data Disc, Inc. v. Sys. Tech. Assocs., Inc.</u>, 557 F.2d 1280, 1285 (9th Cir. 1977). Uncontroverted allegations in the complaint must be taken as true. <u>AT & T Co. v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. <u>Data Disc, Inc.</u>, 557 F.2d at 1284. All disputed facts must be resolved in favor of the plaintiff. <u>Washington Shoe</u>,

704 F.3d at 671-72; see also AT & T Co., 94 F.3d at 588 ("[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.") (quoting WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

**DISCUSSION**

## I.    Proper Defendants

The Court first notes that although the FAC includes allegations against "Caesars Entertainment Corporation" and "Paris Las Vegas Propco, LLC," the caption lists Defendants as "Paris Las Vegas" and "Caesars Entertainment Operating Company, Inc." (Dkt. No. 8.) Under Federal Rules of Civil Procedure 10(a), every pleading must have a caption that names all the parties to the action. Fed. R. Civ. P. 10(a). However, the Ninth Circuit has held that "the question of whether a defendant is properly named in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1085 (9th Cir. 1983) (citing Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959)). Accordingly, the Court considers the present motion to dismiss or transfer venue in relation to Plaintiff's allegations against Defendants Caesars Entertainment Corporation ("Caesars"), and Paris Las Vegas Propco, LLC ("Paris Las Vegas Propco").

In addition, Defendants' counsel submits a declaration acknowledging that, subsequent to Plaintiff's filing of the FAC, "Paris Las Vegas Propco, LLC" has been dissolved and has transferred ownership of the Paris Las Vegas Hotel to an entity named "Paris Las Vegas Operating Company, LLC." (Dkt. No. 11-3, Roberts Decl. ¶ 6.) Defendants' counsel declares that she provided this information to Plaintiff's counsel on April 29, 2014, but that "ROWLAND's counsel took no action to name the correct owner of Paris Las Vegas." (Id.) (emphasis in original).

Accordingly, Defendants' motion indicates that it is filed by "Paris Las Vegas Operating Company, LLC (erroneously named herein as Paris Las Vegas Propco, LLC). (Dkt. No. 11.)

However, the Parties have not, by motion or joint motion, moved to amend the FAC or the case caption or to substitute Paris Las Vegas Operating Company into the present action as a successor-in-interest. Fed. R. Civ. P. 25(c). Unless and until a proper motion is made by any Party to substitute Paris Las Vegas Operating Company, LLC into the present action, the Court addresses the present motion in relation to Defendant Paris Las Vegas Propco, LLC as the owner/operator of the Paris Las Vegas Hotel & Casino in Las Vegas, Nevada at the time in question as named and alleged in Plaintiff's TAC. (See Dkt. No. 8, FAC ¶ 4.)

## II.     Requests for Judicial Notice and Objections to Evidence

The Federal Rules of Evidence provide that judicial notice may be taken of adjudicative facts. See Fed. R. Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. See Fed. R. Evid. 201(b). "Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice & Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994)).

### A.     Plaintiff's request for judicial notice

Plaintiff requests judicial notice of seven documents: various filings with the Securities and Exchange Commission; California Gambling Control Commission licensing documents; the U.S. District Court opinion in Day v. Harrah's Hotel & Casino Las Vegas, 2010 U.S. Dist. LEXIS 116817; the declaration of Duane D.

Holloway filed in Case No. 11cv2567 JLS (POR) in this district[2]; and the complaint filed in Case No. 11-90003-LA in U.S. Bankruptcy Court for the Southern District of California. (Dkt. Nos. 13-1, 13-2.) The content of records of administrative bodies are proper subjects for judicial notice under Rule 201(d), <u>Interstate Natural Gas Co. v. S. Cal. Gas Co.</u>, 209 F.2d 380, 385 (9th Cir. 1953), as are court filings and other matters of public record, <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Since Defendant does not dispute judicial notice of Plaintiff's documents, and the documents are properly subject to judicial notice, the Court GRANTS Plaintiff's request for judicial notice.

However, although the Court takes notice of the filing of the respective documents, the Court declines to take judicial notice of the declaration, court filings, or public records for the truth of the matters asserted therein. See <u>In re Bare Escentuals, Inc. Sec. Lit.</u>, 745 F. Supp. 2d at 1067.

## B.    Defendant's objections to evidence

Defendant raises numerous objections to Plaintiff's declarations and supporting exhibits, and moves to strike the declarations and exhibits in their entirety. (Dkt. Nos. 14-1, 14-2, 14-3.) The Court has reviewed Defendant's evidentiary objections and declines to discuss each objection individually. See <u>Doe v. Starbucks, Inc.</u>, No. 08-0582 AG (Cwx), 2009 WL 5183773 at *1 ("[I]t is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised. This is especially true when many of the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence."); see also <u>Stonefire Grill, Inc. v. FGF Brands, Inc.</u>, 987 F. Supp. 2d 1023, 1033 (C.D. Cal.

---

[2]Although the request for judicial notice states that the declaration was filed in this case, (see Dkt. No. 13-1, Request for Judicial Notice at 2), the Court notes that the declaration footer indicates the declaration was filed in Case No. 11-cv-2567. (Dkt. No. 13-2, Ex. 6.) In any case, the declaration is a duplicate of the judicially noticed declaration submitted by Defendant Caesars in support of its motion to dismiss Plaintiff's initial Complaint. (Dkt. No. 3-4.)

2013) (same); <u>Capitol Records, LLC v. BlueBeat, Inc.</u>, 765 F. Supp. 2d 1198, 1200 n.1 (C.D. Cal. 2010) (same). Except as specifically discussed below, the Court overrules the objections and DENIES Defendant's motions to strike. (Dkt. Nos. 14-1, 14-2, 14-3.)

## III.    Motion to Dismiss

Plaintiff asserts the Court may exercise both general and specific jurisdiction over each Defendant, whereas Defendants contend personal jurisdiction does not exist under either standard. For the reasons set forth below, the Court finds that Plaintiff has met her burden of making a prima facie showing of this Court's personal jurisdiction over Defendants Paris Las Vegas Propco, LLC and Defendant Caesars Entertainment Company. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's FAC.

### A.    General Jurisdiction

General personal jurisdiction enables a court to hear cases unrelated to the defendant's forum activities if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986); <u>see also</u> <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 653 F.3d 1066, 1073 (9th Cir. 2011) ("A court may assert general jurisdiction over foreign [sister-state or foreign-country] corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state.") (citing <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 131 S. Ct. 2846, 2851 (2011)). The standard is an "exacting" one, considering the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." <u>CollegeSource, Inc.</u>, 653 F.3d at 1074 (citing <u>Tuazon v. R.J. Reynolds Tobacco Co.</u>, 433 F.3d 1163, 1172 (9th Cir. 2006).

Ordinarily, "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on

the basis of the subsidiaries' minimum contacts with the forum." <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 925 (9th Cir. 2001). However, a subsidiary's contacts may be imputed to the parent where the subsidiary acts as either the "alter ego" or "general agent" of the parent.  <u>See</u> <u>Bauman v. DaimlerChrysler Corp.</u>, 644 F.3d 909, 920 (9th Cir. 2011), <u>cert. granted</u>, 133 S. Ct. 1995 (2013); <u>Unocal</u>, 248 F.3d at 926-28.

The alter ego test is predicated upon a showing of parental control over the subsidiary, and is satisfied when (1) "there is such a unity of interest and ownership that the separate personalities of the two entities no longer exist," and (2) "failure to disregard their separate identities would result in fraud or injustice." <u>Bauman</u>, 644 F.3d at 920. The agency test, on the other hand, is predicated upon the subsidiary's special importance to the parent corporation. <u>Unocal</u>, 248 F.3d at 928. "Our starting point for the sufficient importance prong is that a subsidiary acts as an agent if the parent would undertake to perform the services itself *if it had no representative at all* to perform them." <u>Bauman</u>, 644 F.3d at  at 921 (emphasis in original).  The agency test also requires the parent corporation to maintain a level of control over its subsidiary. <u>Id.</u> at 922-23.  However, the parent corporation need not actually exercise control over its subsidiary, as long as the parent corporation has the right to do so. <u>Id.</u>

To support her claim that Defendants are subject to the Court's general jurisdiction, Plaintiff argues Defendants advertise and directly solicit California residents via the Caesars "Total Rewards" loyalty program. (Dkt. No. 13 at 3.) Plaintiff further argues Caesars earns fees through management of Harrah's Rincon in California, and that Caesars has 100% unity of interest and singular personality with its California subsidiary, HCAL, LLC, which holds a management agreement with the Rincon Tribe in California to manage the Rincon Hotel and Casino. (<u>Id.</u> at 5-6.)

As an initial matter, the Court notes Plaintiff's response treats Caesars Entertainment Corporation, Paris Las Vegas Propco, and Paris Las Vegas Operating

Company as one entity for the purposes of arguing that Defendants are subject to this Court's general personal jurisdiction. Absent sufficient evidence that the corporate entities are agents or alter egos of each other, the Court declines to do the same.

As to Paris Las Vegas Propco, Plaintiff has failed to demonstrate a basis for general personal jurisdiction. Although Plaintiff alleges Paris Las Vegas Propco participated in the Caesars Total Rewards program and advertised in California, evidence of marketing to forum residents, without more, is insufficient to support general jurisdiction. See CollegeSource, Inc., 653 F.3d at 1075 ("Marketing to forum residents, at least where such marketing does not result in substantial and continuous commerce with the forum, does not support general jurisdiction."); Shute v. Carnival Cruise Lines, 897 F.2d 377, 381-82 (no general jurisdiction despite advertising in the local media, brochure mailings, payment of commission to forum travel agents, and the conducting of promotional seminars in the forum state).

As to Defendant Caesars Entertainment Corporation, Plaintiff's argument for general personal jurisdiction relies on imputing the actions of Caesars' subsidiaries onto the parent corporation. Plaintiff argues HCAL, LLC is a subsidiary of Caesars Entertainment Corporation, and that HCAL, LLC has a management contract with the Rincon Tribe to operate the Harrah's Rincon Hotel and Casino in California. Plaintiff further argues that Caesars has published, in marketing and public outreach materials, statements regarding Caesars Entertainment Corporation's substantial business and investment in California. (Dkt. No. 13 at 4-6.)

In support of their motion to dismiss, Defendants proffer the declaration of Richard Appel, Senior Vice President and Chief Counsel, Labor and Employment for Caesars Entertainment Corporation, stating that Caesars Entertainment Corporation "does not have offices in California; does not own property in California; does not have employees in California; does not conduct business in California; and, does not have an agent for service of process in California." (Dkt.

No. 11-2, Appel Decl. ¶ 2.)

The Court finds that Plaintiff has failed to introduce sufficient evidence linking Defendant Caesars Entertainment Corporation to the actions of its subsidiaries in California under either an alter ego or agency theory. Plaintiff has introduced no evidence that Caesars Entertainment Corporation controls its subsidiaries that do business in California, or that a unity of interests or ownership exists between Caesars Entertainment Corporation and its subsidiaries. Accordingly, the Court finds that Plaintiff has failed to make a prima facie showing that Defendants Paris Las Vegas Propco or Caesars Entertainment Corporation are subject to general personal jurisdiction in California.

### B.     Specific Jurisdiction

Plaintiff also claims this Court may exercise specific personal jurisdiction over Defendants. (Dkt. No. 13 at 6.) The Ninth Circuit employs a three-part test to determine whether a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Washington Shoe, 704 F.3d at 672; see also Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987).  In analyzing whether the assertion of specific jurisdiction over a given defendant would be justified, the plaintiff has the burden of satisfying the first two prongs of the test. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011).  If the plaintiff does so, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. Id.
//

### 1.    Purposeful Direction

The Supreme Court has held that due process permits the exercise of jurisdiction over a defendant, even in the absence of physical contacts with the forum, so long as the defendant "purposefully direct[s]" its activities at residents of a forum. <u>Burger King Corp. v. Rudezewicz</u>, 471 U.S. 462, 476 (1985). A "purposeful direction" analysis, most often used in cases sounding in tort, requires "evidence of the defendant's actions outside the forum state that are directed at the forum." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802-03 (9th Cir. 2004). The Ninth Circuit applies an "effects" test to determine whether there has been purposeful direction, analyzing whether the defendant has been alleged to have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." <u>CollegeSource, Inc. v. AcademyOne, Inc.</u>, 653 F.3d 1066, 1077 (9th Cir. 2011) (citing <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124, 1128 (9th Cir. 2010)). The "express aiming" requirement "is satisfied when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" <u>Id.</u> (citing <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104, 1111 (9th Cir. 2002)).

In support of a finding that Defendants purposefully directed activity toward California, Plaintiff argues Defendants purposefully "bombard California residents with advertisements and solicitations to visit the Paris Las Vegas Casino & Resort, Harrah's Rincon Casino & Resort, and Defendant Casears other properties." (Dkt. No. 13 at 7) (citing Dkt. No. 13-3, Rowland Decl. Ex. A). According to Plaintiff, after California residents stay at Paris Las Vegas Hotel, a Caesars casino host personally contacts the guest to invite them back for another stay. (<u>Id.</u>) (citing Dkt. No. 13-4, Holcombe Decl. Ex. C). Furthermore, Plaintiff and her travel companion Carol Holcombe declare that Defendants maintain and participate in a "Total Rewards" program, under which Plaintiff and Holcombe accumulated "Total Rewards" points at the Harrah's Rincon Hotel and Casino in California and redeemed those points for

complimentary accommodations at the Paris Las Vegas Hotel in Las Vegas, Nevada. (See Dkt. Nos. 13-3, 13-4.)

As to Defendant Paris Las Vegas Propco, the Court finds that Plaintiff has met her burden of establishing facts that, if true, would support personal jurisdiction over the Defendant. See Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff has introduced evidence that the Paris Las Vegas Hotel participates in the "Total Rewards" program and advertisements, which encourage customers to accumulate "Total Rewards" points by visiting participating establishments in California and to redeem them at other participating hotels and casinos, including the Paris Las Vegas Hotel and Casino in Las Vegas, Nevada. (Dkt. No. 13-3, Rowland Decl. ¶¶ 3-5.) Plaintiff's uncontroverted allegations establish that Paris Las Vegas Propco "benefitted from the Total Rewards loyalty program's marketing and technological capabilities relating to Defendant Caesars' nationwide casino network, including the Harrah's Rincon Hotel & Casino in Valley Center, California." (Dkt. No. 8, FAC ¶ 6.) As alleged in the FAC, Paris Las Vegas Propco's involvement in the "Total Rewards" program enabled it to "efficiently market its products to a large and recurring customer base in California, and successfully drive cross-property play from the Harrah's Rincon Hotel & Casino to Defendant Paris Las Vegas." (Id.) Furthermore, Plaintiff alleges she frequently received incentives to seek out the Paris Las Vegas Hotel & Casino and other Casears properties as a California resident who accumulated "Total Rewards" points by frequenting the Harrah's Rincon Hotel & Casino in California. (Id. ¶ 13.) Plaintiff's uncontroverted allegations and declarations therefore establish that Defendant Paris Las Vegas Propco participated in the Caesars "Total Rewards" program, "expressly aiming" to solicit business from California residents such as Plaintiff who frequent California hotels and casinos.

In addition, Plaintiff has introduced evidence that the Paris Las Vegas Hotel granted complimentary accommodation to Plaintiff and Carol Holcombe for the hotel stay at issue in this case. (Dkt. No. 13-3, Rowland Decl. ¶¶ 3-5; Dkt. No. 13-4,

Holcombe Decl. ¶¶ 3-5.) According to Plaintiff, a Casino Host at the Harrah's Rincon Hotel and Casino in Valley Center, California arranged for the complimentary room at the Paris Las Vegas Hotel for the visit at issue in this case. (Dkt. No. 8, FAC ¶ 14.) Combined with Plaintiff's allegations regarding the frequent offers Plaintiff received to redeem Total Reward loyalty program "points" at Paris Las Vegas Hotel & Casino and other Caesars hotel and casino properties, (id. ¶ 13), the Court finds that Plaintiff's evidence and uncontroverted allegations are sufficient to make a prima facie showing that Defendant Paris Las Vegas Propco purposefully directed its activities to California and California residents who, like Plaintiff and Ms. Holcombe, patronize Harrah's Rincon and participate in the Total Rewards Program. See Day v. Harrah's Hotel & Casino Las Vegas, No. 10cv1746-WQH-JMA, 2010 U.S. Dist. LEXIS 116817 at *14-15 (S.D. Cal. 2010).

As to Defendant Caesars Entertainment Corporation, Plaintiff's uncontroverted allegations in her First Amended Complaint state that Caesars started and continues to operate the Total Rewards loyalty program. (Dkt. No. 8, FAC ¶ 6.) Plaintiff has further submitted a declaration stating that she received and continues to receive advertisements and solicitations from Caesars Entertainment Corporation encouraging Plaintiff to use the Total Rewards points she accumulated in California at other hotels within the Total Rewards program, including the Paris Las Vegas Hotel and Casino. (Dkt. No. 13-3 ¶¶ 3-4, Ex. A.)

Defendants argue Plaintiff's submitted email solicitations "clearly show the advertisements were unrelated to California and the alleged injuries in this case" because the emails "do not reference California [or] provide any facts indicating that they were targeted at California residents. (Dkt. No. 14 at 6) (citing Circle Click Media LLC v. Regus Mgmt. Grp. LLC, 12-04000 SC, 2013 WL 57861 *4 (N.D. Cal. Jan. 3, 2013)). In Circle Click Media LLC, the court found that an general advertisement email sent generically to "award@circleclick.com" which made no reference to California and was sent after the plaintiff's injury could not demonstrate that the defendant had

expressly aimed activities at California. 2013 WL 57861 at *4. The Court finds the present case distinguishable.

First, the Court's review of Plaintiff's submitted emails shows that at least some of the emails Plaintiff received were directed "EXCLUSIVELY FOR: ELIZABETH ROWLAND," stating her total rewards number. (See, e.g., Dkt. No. 13-3, Rowland Decl. Ex. A at 2, 5, 8, 10, 15) (emphasis in original). In addition, the emails were addressed to Plaintiff at her personal email address. (Id. ¶ 4.) Unlike the general advertisement email at issue in Circle Click Media LLC, the emails at issue here were "expressly aimed" at Plaintiff, a California resident.

Furthermore, the Court notes that Defendants argue Plaintiff's submitted emails could not have enticed Plaintiff to visit the Paris Las Vegas Hotel for the visit at issue because "the solicitations relate to events dated one year *after* her fall in May 2013." (Dkt. No. 14 at 6) (emphasis in original). However, Plaintiff's declaration states in the present tense that she constantly receives said advertisements as a Total Rewards member, (Dkt. No. 13-3, Rowland Decl. ¶ 4), and indicates that the submitted advertisements and solicitations attached to her declaration are illustrative rather than exclusive. (Id. ¶ 4) ("Attached hereto as Exhibit A are true and correct copies of some of the advertisements and solicitations I received via email from Caesars.") (emphasis added). Accordingly, given: (1) Plaintiff's uncontroverted allegations regarding Caesars' operation of the Total Rewards Program; and (2) Plaintiff's declaration evidence regarding the advertisements Plaintiff received at her personal email address directed "exclusively" to her as a California resident, the Court finds that, as with Defendant Paris Las Vegas Propco, Plaintiff's evidence and uncontroverted allegations are sufficient to make a prima facie showing that Defendant Caesars Entertainment Corporation purposefully directed activities to California and California residents. See Day, 2010 U.S. Dist. LEXIS 116817 at *14-15.

## 2. Arising out of Forum-related Activities

To be sufficient for specific personal jurisdiction, Defendants' "purposefully

directed" forum-related activity must have caused Plaintiff's alleged injury.  Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 271 (9th Cir. 1995) ("[A] claim arises out of the forum-related activities if it would not have happened but for the forum-related activities."). Plaintiff submits a declaration stating that she and her friends "selected Paris Las Vegas for [their] accommodations in May 2013 because we are members of Total Rewards, and because of the advertisements and solicitations we constantly receive from Caesars." (Dkt. No. 13-3, Rowland Decl. ¶ 4.) Furthermore, Plaintiff's submitted declarations state that Plaintiff was injured when she stayed at the complimentary room provided to her by Paris Las Vegas Hotel due to her and Ms. Holcombe's membership in the Total Rewards program. (Dkt. Nos. 13-3, 13-4.)

Defendants argue Plaintiff has failed to demonstrate the existence of case-related contacts because Rowland admits she "went to Las Vegas to attend a wedding and happened to stay while there at Paris Las Vegas." (Dkt. No. 14 at 7) (citing Dkt. No. 5-1 ¶ 5). As an initial matter, Defendants' cited Declaration of Elizabeth Rowland does not appear to support Defendants' characterization. Furthermore, for the purposes of deciding whether a prima facie case for personal jurisdiction exists, conflicts between the facts contained in the parties' affidavits must be resolved in the Plaintiff's favor. AT & T Co., 94 F.3d at 588. The Court therefore finds that Plaintiff's declarations present a sufficient prima facie showing that Plaintiff would not have stayed at Paris Las Vegas Hotel and Casino for the visit at issue in this case but for Defendants' forum-related activities. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 386 (9th Cir. 1990); see also Day, 2010 U.S. Dist. LEXIS 116817 at *15.

### 3.    Reasonableness

As Plaintiff has made a prima facie case for specific personal jurisdiction, the burden shifts to Defendants to present a "compelling case" that this Court's exercise of jurisdiction over Defendants would not be reasonable. CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1076 (9th Cir. 2011). "For jurisdiction to be reasonable, it must comport with fair play and substantial justice." Bancroft & Masters,

Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1088 (9th Cir. 2000) (citing Burger King, 471 U.S. at 476). In making this determination, courts consider:

> [1] the extent of purposeful interjection, [2] the burden on the defendant to defend the suit in the chosen forum, [3] the extent of conflict with the sovereignty of the defendant's state, [4] the forum state's interest in the dispute, [5] the most efficient forum for judicial resolution of the dispute, [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and [7] the existence of an alternative forum."

Shute v. Carnival Cruise Lines, 897 F.2d 377, 386 (9th Cir. 1988) (numbers added) (citing Federal Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd., 828 F.2d 1439, 1442 (9th Cir. 1987)).

Defendants argue this Court's exercise of jurisdiction over Defendants would not be reasonable because Defendants do not have offices, have employees, own property, conduct business, or have an agent for service of process in California. (Dkt. No. 14 at 8.) Defendants further argue the injuries sustained by Plaintiff are unrelated to California and "occurred exclusively in the State of Nevada." (Id.)

The Court finds that these arguments fall short of presenting a "compelling case" that this Court's exercise of jurisdiction over Defendants would not be reasonable. First, the Court has found that Defendants purposefully directed activities toward the forum state. The Ninth Circuit has indicated that once a Plaintiff shows purposeful direction, the "extent of purposeful interjection" is no longer given any weight. Shute, 897 F.2d at 386 (citing Corporate Inv. Business Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987)). Second, although Defendants would prefer to litigate in Nevada, Defendants have not made a showing that the burden of defending this suit in California would be overwhelming. The Court finds that it would be at least as burdensome for Plaintiff to pursue this action in Nevada as it would for Defendants to defend it in California; accordingly, this factor does not strongly favor dismissal. See Shute, 897 F.2d at 386-87.

Third, conflict with the sovereignty of Nevada does not weigh strongly in favor of dismissal, because choice-of-law rules may accommodate any concerns regarding possible conflict with Nevada's sovereignty. Shute, 897 F.2d at 387 ("[T]his circuit has

stated that choice-of-law rules, rather than jurisdictional rules, are more appropriate to accommodate conflicting sovereignty interests.") (citing Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1481 (9th Cir. 1986)). Fourth, on the other hand, California has a strong interest in protecting its citizens against the tortious acts of others. See Cubbage v. Merchent, 744 F.2d 665, 671 (9th Cir. 1984) ("California obviously has an interest in protecting its citizens against the tortious conduct of others.").

Fifth, on the record before the Court, consideration of the "most efficient forum for judicial resolution of the dispute" favors the exercise of jurisdiction over Defendants. Plaintiff's counsel declares that Plaintiff has at least six health care providers and at least five separate additional witnesses who reside in California. (Dkt. No. 13-5 ¶¶ 13-17.) On the other hand, Defendants indicate five Paris Las Vegas employees may be necessary witnesses in this case. (Dkt. No. 14 at 9) (citing Dkt. Nos. 11-5, 11-6, Roberts Decl. Exs. 1, 2.) Defendants argue these witnesses "are located in Nevada" and that "this Court will be unable to compel their appearance at trial or for deposition in the Southern District." (Id.) The Court finds that as between Nevada and California, the two states capable of exercising jurisdiction in this case, California is the more efficient forum. In particular, some if not all of Defendants' witnesses may be employees of Defendant Paris Las Vegas Propco and thus may be compelled to testify as party witnesses,[3] while Plaintiff declares that litigating in Nevada would force her to "pay the travel expenses, lodging, and travel time fees for each of my health care providers to testify at trial" and that many of her additional witnesses "do not have the time and/or financial resources to travel to Las Vegas, Nevada, during the work week." (Dkt. No. 13-3, Rowland Decl. ¶¶ 11-12.) This factor therefore weighs in favor of jurisdiction.

Sixth, Plaintiff has declared that litigating her claims in Las Vegas, Nevada

---

[3]The Court notes that Defendants have not specifically stated that each of the persons listed on the "Incident File Full Report" and "Accident Scene Check" submitted by Defendants will be witnesses in this case; neither have Defendants affirmed whether the individuals are all employees of Defendant Paris Las Vegas Propco.

would "be incredibly inconvenient and expensive" for her. (Id. ¶ 11.) As the Ninth Circuit found to be the case in <u>Shute</u>, dismissal of the present suit from Plaintiff's choice of forum may prevent Plaintiff from obtaining relief, making the sixth "reasonableness" factor weigh heavily in favor of the exercise of jurisdiction. 897 F.2d at 387.

Seventh, the final factor, the "existence of an alternative forum," does not dictate a contrary result. On balance, the seven "reasonableness" factors courts consider for the purposes of determining personal jurisdiction weigh in favor of the exercise of this Court's jurisdiction over Defendants. Defendants have not presented "compelling reasons" why the exercise of jurisdiction would be unreasonable. Accordingly, the Court finds that Plaintiff has established this Court's personal jurisdiction over Defendants in California and DENIES Defendants' motion to dismiss Plaintiff's FAC for lack of personal jurisdiction.

## IV.    Transfer of Venue

In the alternative, Defendants move this Court to transfer this action to Nevada under 28 U.S.C. § 1404(a). (Dkt. No. 11-1 at 14.) "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U .S.C. § 1404. Under § 1404(a), the district court has discretion "to adjudicate motions to transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (citing <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1998)). In adjudicating such motions, the court weighs multiple factors to determine whether transfer is appropriate, including "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of

unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-99. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 841 (9th Cir. 1986).

Defendants argue "every act and every alleged breach of duty are all tied to Nevada," and that Defendants and Plaintiff's cause of action "have no case-related contacts" with California. (Dkt. No. 11-1 at 15.) Furthermore, Defendants argue "most of the witnesses are no doubt located in Nevada" and that "compulsory process will be available in Nevada, and the parties will be able to best secure witness attendance in that state." (Id. at 17.)

The Court disagrees. Although it is undisputed that Plaintiff's alleged injury occurred in Nevada, and that Nevada law governs this action, Defendants have not made a strong showing as to the difference in cost of litigation in the two forums, the availability of compulsory process to compel attendance of non-party witnesses, or ease of access to sources of proof. See Jones, 211 F.3d at 498-99. Defendants' motion assumes without demonstrating that witnesses to the incident at issue are located primarily in Nevada. Although Defendants have introduced an "Incident File Full Report" and "Accident Scene Check," (Dkt. No. 11-5, 11-6), showing what Defendants claim to be evidence of "numerous Nevada residents were involved in assisting and investigating ROWLAND's claims," (Dkt. No. 11-1 at 17), Defendants have not specified whether any of the individuals mentioned in those documents are witnesses, what they would testify to, or whether they are employees of either Defendant in this case. As other courts have found, the inconvenience caused by out-of-forum witnesses must be discounted where the witnesses are current employees of the defendant and may be compelled by the defendant to testify in the forum. See Tamashiro v. Harvey, 487 F. Supp. 2d 1162, 1171 (D. Haw. 2006); Day, 2010 U.S. Dist. LEXIS 116817 at *21. While it appears that many, if not all, of Defendants' identified witnesses are employees of Paris Las Vegas, Plaintiff on the other hand has submitted declarations

detailing the California-based witnesses she requires as well as the inconvenience, expense, and unavailability of witnesses that affect her ability to litigate in Nevada. Furthermore, although Defendants state "at trial it may become necessary for the jury to view the place of the alleged negligence," Defendants do not explain why a jury would need to view the physical location at issue and point to no other physical evidence located in Nevada that makes Nevada a more convenient forum than California.

Given: (1) the Court's finding that Defendants purposefully directed activities toward California and toward Plaintiff as a California resident; (2) Plaintiff's choice to litigate in California; and (3) Plaintiff's showing that her numerous non-party witnesses reside in California and that litigating in Nevada would be both inconvenient and expensive, the Court concludes that Defendants have failed to satisfy their burden of demonstrating that Nevada is a more convenient forum such that transfer to Nevada would serve the interests of justice. 28 U.S.C. § 1404(a). The Court therefore DENIES Defendants' motion in the alternative for transfer of venue pursuant to section 1404(a).

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS**:

1. Defendants' Motion to Dismiss (Dkt. No. 11) is **DENIED.**

2. Defendants' alternative Motion to Transfer Venue is **DENIED.** (Dkt. No. 11.)

3. The hearing date for this motion scheduled for Friday, August 8, 2014 is **VACATED**.

**IT IS SO ORDERED.**

DATED:  August 6, 2014

HON. GONZALO P. CURIEL
United States District Judge