UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROWLAND,<br><br>Plaintiff,<br><br>v.<br><br>PARIS LAS VEGAS, CAESARS ENTERTAINMENT OPERATING COMPANY, INC., and DOES 1 to 25, inclusive,<br><br>Defendants. | Civil No.   13cv2630-GPC (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RULE 35 EXAMINATION**<br><br>**[ECF No. 28]** |

On July 14, 2015, Plaintiff Elizabeth Rowland and Defendants Paris Las Vegas Operating Company, LLC and Caesars Entertainment Corporation filed a joint motion regarding Defendants' request for an order pursuant to Federal Rule of Civil Procedure 35 compelling Plaintiff to submit to an independent medical examination ("IME") performed by Defendants' designated medical expert, Dr. Raymond Sachs.  (ECF No. 28.)  For the reasons set forth below, Defendants' request is **GRANTED**.

## I.  BACKGROUND

**A.      Factual History**

Plaintiff filed a First Amended Complaint ("FAC") in this action on March 26, 2014. (ECF No. 8.)  Plaintiff alleges in the FAC that she slipped and fell while walking barefoot

on the polished tile floor of Defendants' hotel room, resulting in a broken hip. (*Id.* at ¶ 15.) Moreover, Plaintiff alleges the fall injured "her health, strength, and activity, all of which have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering." (*Id.* at ¶ 20.)

On December 5, 2014, the Court held a Case Management Conference pursuant to Federal Rule of Civil Procedure 16 following which the Court issued a Scheduling Order. (ECF No. 22.) The Scheduling Order established May 15, 2015 as the deadline for the parties' designated experts to provide expert witness reports, and June 19, 2015 for supplemental expert witness reports. (*Id.* at ¶ 4.) Additionally, the Scheduling Order set July 17, 2015 as the discovery cutoff date. (*Id.* at ¶ 5.)

Defendants deposed Plaintiff on March 19, 2015. At her deposition, Plaintiff provided testimony that she was last seen by a physical therapist in November 2013, and, at that date, was no longer seeing a physician for any physical problems related to her hip. (Rowland Depo. at 240:16-25; 245:17-19.) Additionally, Plaintiff stated multiple times that the only activities she can no longer engage in as a result of the fall are line dancing and hula classes. (*Id.* at 47:3-12; 246-47:24-3.) Plaintiff indicated that she had contacted Dr. Nina B. Lott, a psychologist, concerning depression issues. (*Id.* 49:6-20.) However, as of the date of the deposition, Plaintiff had not yet been treated by Dr. Lott. (*Id.* at 48: 12-14.)

On April 3, 2015, Defendants served their expert designation, which identified a single retained expert – Dr. Raymond Sachs. (ECF No. 28-4.) On March 6, 2015, Plaintiff served her expert designation which listed five non-retained treating experts, including Plaintiff's treating psychologist, Dr. Lott. (ECF No. 28-5.) On May 15, 2015, Defendants served their expert disclosure, which included a copy of the report prepared by Dr. Sachs. (ECF No. 28-6.) Plaintiff also served her expert disclosure, however, it did not contain any written reports. (ECF No. 28-7.) Subsequently, on June 17, 2015, Dr. Lott produced medical records indicating that Plaintiff required weekly psychological treatment for a possible anxiety disorder and depression resulting from, among other things, her continued

1  ongoing pain and limitations in her lower extremities.  (ECF No. 28-8.)  Dr. Lott's medical
2  records indicate that Plaintiff "[h]as recently gotten back to gardening in a 'secure' way so
3  that she can stand and bend without falling.  Reports that her balance is somewhat
4  compromised while standing on uneven land." (*Id.* at 6.)  Dr. Lott's notes also show that
5  when Plaintiff was asked the question "what would have to happen so that you do not hurt
6  anymore?" she answered, "I could walk on uneven surfaces and any embankment. I would
7  be able to go up steps without holding on.  I could return to dancing." (*Id.*)

8  Defendants assert that the information contained in Dr. Lott's medical records
9  contradicts Plaintiff's deposition testimony and her other medical records.  (ECF No. 28 at
10 7.)  Therefore, on June 26, 2015, Defendants' counsel requested Plaintiff's counsel to
11 stipulate to an IME of Plaintiff performed by Dr. Sachs.  At that time, Plaintiff was set to
12 depose Dr. Sachs on July 10, 2015.  As such, Defendants' counsel proposed that the IME
13 take place on the same day immediately prior to Dr. Sachs' deposition.  (*Id.*)

14 On June 30, 2015, Plaintiff's counsel advised Defendants that Plaintiff would not
15 submit to an IME absent a court order, and would no longer be taking the deposition of Dr.
16 Sachs.  (*Id.* at 8.)

17 On July 6, 2015, counsel for both parties met in person to confer on the issue.  Again,
18 Plaintiff's counsel indicated that Plaintiff would not stipulate to an IME.  (*Id.*)  As a result,
19 on July 14, 2015, the parties filed the instant joint motion regarding Defendants' request
20 for an order compelling Plaintiff to submit to an IME.

21 **B.** **Arguments**
22 **1.** **Defendants**

23 Defendants argue good cause exists for the issuance of an order compelling Plaintiff
24 to undergo an IME performed by Dr. Sachs because: (1) Plaintiff has placed her medical
25 condition "in controversy" by claiming physical and psychological injuries attributed to
26 the fall, including ongoing medical problems, pain limitations, and psychological treatment
27 for anxiety and depression; (2) the IME seeks information directly relevant to Plaintiff's
28 alleged claims of prior and ongoing physical injuries and related claims for damages; (3)

Defendants should not be required to simply rely on Plaintiff's expert witnesses regarding Plaintiff's injuries and the damages allegedly suffered; and (4) the IME is necessary because Plaintiff's deposition testimony regarding her physical condition contradicts the information in Dr. Lott's medical records. (ECF No. 28 at 9-11.)

Defendants further contend their request for an IME is timely because: (1) Rule 35 of the Federal Rules of Civil Procedure does not specify a deadline for conducting an IME; (2) a request for an IME is not governed by the deadline to exchange expert reports under Rule 26; and (3) Defendants promptly requested the IME upon being provided new information from Plaintiff's treating psychologist Dr. Lott which contradicted Plaintiff's deposition testimony regarding the nature and severity of her alleged injuries and ongoing symptoms. (*Id.* at 11-12.)

### 2.     **Plaintiff**

Plaintiff contends Defendants' requested IME is untimely because: (1) Plaintiff identified Dr. Lott in her initial designation of expert witnesses; (2) Plaintiff testified about her ongoing treatment with Dr. Lott during her deposition; and (3) Plaintiff again identified Dr. Lott in her expert disclosures. (ECF No. 28 at 13-14.) Plaintiff further contends the IME is illogical because Dr. Lott, a psychological counselor, is treating Plaintiff for mental suffering and emotional distress, not the underlying hip and leg weakness. As such, Plaintiff argues Dr. Sachs, an orthopedic surgeon, cannot opine as to the nature and extent of Plaintiff's mental suffering and emotional distress. (*Id*. at 13.) Further, Plaintiff notes that Dr. Sachs was aware of Plaintiff's limitations and indicated in his report that he expected a "nearly full" recovery. Therefore, Plaintiff agues there is no basis for Dr. Sachs to conduct an IME regarding medical opinions he has already rendered. (*Id*. at 14.) Lastly, Plaintiff claims she would suffer undue prejudice from a court-ordered IME after the discovery cutoff because she would now be unable to depose Dr. Sachs. (*Id*. at 15.)

///

///

///

## II. FEDERAL RULE OF CIVIL PROCEDURE 35

Federal Rule of Civil Procedure 35 authorizes a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion and for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)-(B). Rule 35 requires "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

"Factors that courts have considered in assessing whether 'good cause' exists include, but are not limited to, 'the possibility of obtaining desired information by other means, whether plaintiff plans to prove [his] claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing [injury].'" *Juarez v. Autozone Stores, Inc.*, No. 08cv417-L (BLM), 2011 U.S. Dist. LEXIS 43087, at *3 (S.D. Cal. April 21, 2011) (quoting *Impey v. Office Depot, Inc.*, No. C-09-01973 EDL, 2010 U.S. Dist. LEXIS 75527, at *21 (N.D. Cal. July 27, 2010)). Rule 35 "is to be construed liberally in favor of granting discovery." *Turner v. Imperial Stores*, 161 F.R.D. 89, 96 (S.D. Cal. 1995).

## III. ANALYSIS

Rule 35 is silent as to the deadline for conducting an IME, and there is no uniform consensus among federal district courts as to whether Rule 35 should be read in conjunction with, or independently of, the expert witness disclosure requirements of Federal Rule of Civil Procedure 26. On one hand, some courts have concluded that the timing requirements set forth in Rules 26 and 35 should be read independently of each other. See, e.g., *Bush v. Pioneer Human Servs.*, No. C09-0518 RSM, 2010 WL 324432, at *5 (W.D. Wash. Jan. 21, 2010) ("[T]he deadline set in the scheduling order for expert reports under Rule 26(a)(2)

does not apply to the issuance of a Rule 35 report."); *Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 414 (S.D. Ohio 2007) ("Rule 35 examinations, and the issuance of reports following those examinations, proceed independently of Rule 26(a)(2).).

On the other hand, several courts have concluded that Rule 35 is subject to Rule 26(a)(2)'s timing requirements. *See, e.g., Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012) ("[A]fter considering the language, purpose, and relevant use of Rules 26 and 35, the Court is of the opinion that Rules 26 and 35 should be read in conjunction with each other when determining the proper timing for a Rule 35 examination and report."); *Minnard v. Rotech Healthcare Inc.*, No. S-06-1460 GEB GGH, 2008 U.S. Dist. LEXIS 6149, at *6 (E.D. Cal. Jan. 15, 2008) ("The purpose of the retained expert is to advocate within reasonable grounds on behalf of the person for whom retained. The expert will not simply be parroting the facts of an examination. . . . The Rule 35 exam and the retained expert's opinions are inextricably intertwined."); *Shumaker v. West*, 196 F.R.D. 454, 456 (S.D. W. Va. 2000) ("The deadlines relating to expert disclosures and the requisites provided in Rule 26 regarding the expert report are there for good reason. Both parties are entitled to knowledge relating to the other side's experts. Without access to the identity of an expert witness and the expert's report, an opposing party cannot properly prepare its case or rebut the other party's expert witness.").

Although the law in this area is not well settled, the Honorable William V. Gallo of this district has previously opined that Rule 35 reports are subject to Rule 26's timing requirements. Indeed, in *Lopez v. City of Imperial*, No. 13-0597-BEN(WVG), 2014 U.S. Dist. LEXIS 7291, at *5 (S.D. Cal. Jan. 21, 2014), Judge Gallo determined:

> If the IME examiner will offer opinions and conclusions regarding the objective facts derived from an examination, the IME and the report produced by the IME examiner is expert discovery, not fact discovery. Therefore, the timing of a motion for an IME is dictated by the terms of the scheduling order regarding expert witness discovery, as set forth in the case.

*Id*. at *7-8.

///

Here, the proposed IME by Dr. Sachs clearly falls within the realm of expert discovery. Defendants explicitly state, "Dr. Sachs has been retained in this matter to offer expertise regarding the nature and extent of [Plaintiff's] alleged injuries, as well as the reasonableness and necessity of [Plaintiff's] claimed medical treatment." (ECF No. 28 at 2:13-15.) Therefore, Dr. Sachs' expert report following the IME is subject to the deadlines imposed in the Court's Scheduling Order (i.e., May 15, 2015). Because Defendants failed to move for an order under Rule 35 until July 14, 2015, the motion is untimely.

However, the Court finds good cause to excuse Defendants' failure to timely request the IME because of the changed circumstances presented by Dr. Lott's records, which were not produced to Defendants until June 17, 2015. Upon receipt of the records, Defendants learned for the first time that Plaintiff has indicated she has trouble balancing on uneven surfaces and cannot walk up steps without using the handrail. This information is inconsistent with Plaintiff's deposition testimony, where she stated that her only remaining physical limitations were not being able to line dance and participate in hula classes. It is also inconsistent with her medical records that show she reported no pain and was able to walk all day with no problems and could go up and down stairs without difficulty. (ECF No. 28-6 at 6-7.) Further, the Court finds Defendants acted diligently in requesting the IME as soon as they were provided with Dr. Lott's records.

Regarding the merits of Defendants' motion for an order compelling Plaintiff to undergo a Rule 35 IME, upon consideration of the factors outlined in *Juarez*, the Court finds Defendants have established good cause. First, Plaintiff has clearly placed her physical condition in controversy by claiming Defendants' negligence caused her to fall at the Paris Las Vegas Hotel resulting in a broken hip. Thus, this factor weighs in favor of Defendants.

Second, "there is no possibility that Defendants can obtain the information, opinions and conclusions of an expert witness pursuant to Rule 35 in any other way, but to have Plaintiff submit to the IME." *Lopez*, 2014 U.S. Dist. LEXIS 7291, at *9. Defendants are in possession of Plaintiff's medical records. However, many of the records are several

years old and contradict information contained in Dr. Lott's more recently produced records. Additionally, the Court does not find compelling Plaintiff's argument that there is no justification for Defendants' delay because "Plaintiff testified about her ongoing treatment with counselor Nina Lott, Ph.D., during deposition on March 19, 2015." Plaintiff's first appointment with Dr. Lott was not until April 29, 2015, therefore, at the time of the deposition, there was no "ongoing" treatment to discuss. Plaintiff did state that she can no longer engage in recreational line dancing and hula classes. However, that is significantly different than her claimed inability to balance on uneven ground or walk up steps without difficulty, which was noted in Dr. Lott's report. Thus, this factor weighs in favor of Defendants.

Third, although Plaintiff did not designate a single retained expert witness, she did identify five treating experts. Plaintiff admits she intends to offer the testimony of her designated treating experts. Thus, this factor weighs in favor of Defendants.

Fourth, the scope of Dr. Sachs' intended IME is relevant to Plaintiff's newly raised issues of ongoing functional limitations, including her claims that her balance is compromised and that she cannot walk up steps without holding on to the handrail. This new information may be significant to the calculation of future medical damages. Thus, this factor weighs in favor of Defendants.

Finally, as noted above, Plaintiff claims ongoing physical injuries. Notably, Dr. Lott's records show that Plaintiff's ongoing physical injuries may be substantially more severe than what Plaintiff previously indicated to Defendants. Thus, this factor weighs in favor of Defendants.

Additionally, the Court finds that requiring Plaintiff to submit to the IME would impose only a minimal burden or privacy intrusion on Plaintiff. The proposed scope of the IME indicates that it will be a non-intrusive examination lasting no more than one hour. The Court finds these impositions are outweighed by Defendants' need for the IME.

The Court does not find compelling Plaintiff's argument that Defendants failed to provide the necessary details and are required to state the time, place, manner, conditions,

and scope of the IME. Defendants, in the joint motion, state the IME will be a non-intrusive examination which would last no more than one hour. (ECF No. 28 at 3:22-23) Also, Defendants assert the examination would be limited to an examination of the physical condition of Plaintiff's hip and lower extremities, including her corresponding muscle strength and balance. (*Id.* at 4:7-10) Moreover, Defendants adequately provided the necessary details in their proposed order.

Additionally, the Court does not find compelling Plaintiff's argument that Dr. Sachs, as an orthopedic surgeon, has no basis to opine regarding the nature and extent of Plaintiff's mental suffering and emotional distress. Dr. Sachs does not intend to give his opinion as to the nature and extent of Plaintiff's mental suffering and emotional distress. Although Defendants' need for the IME arose after receiving a copy Dr. Lott's report, Defendants only seek to examine the physical condition of Plaintiff, and not her mental or emotional suffering. Dr. Sachs has been a board certified Orthopedic Surgeon since 1983, and states he has examined and treated hundreds of pubic rami fractures of the pelvis. (ECF No. 28-6 at 1.) As such, Dr. Sachs is an appropriate person to conduct the medical examination to formulate an opinion as to the physical condition of Plaintiff's hip and lower extremities and her alleged ongoing physical limitations.

In conclusion, upon analysis of the applicable factors and in recognition that Rule 35 "is to be construed liberally in favor of granting discovery," *Turner*, 161 F.R.D. at 96, the Court finds Defendants have demonstrated good cause for an order requiring Plaintiff to submit to a Rule 35 IME by Dr. Sachs.

However, the fact that the IME will be performed after the discovery cutoff date raises a significant concern that Plaintiff will be prejudiced because she can no longer depose Dr. Sachs. It is unrealistic to expect Plaintiff to be able to adequately prepare to cross-examine Dr. Sachs at trial regarding expert opinions that were not disclosed in his May 15, 2015 expert witness report. Therefore, the Court will provide Plaintiff leave to take a deposition of Dr. Sachs following the IME.

///

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants' motion for an Order permitting Dr. Raymond Sachs to perform an Independent Medical Examination of Plaintiff is **GRANTED**.

2. Plaintiff shall submit to a physical examination by Dr. Raymond Sachs.  The examination shall occur no later than **August 19, 2015** and shall be scheduled for a mutually convenient time for Plaintiff and Dr. Sachs.  The examination shall take place at Dr. Sachs office located at 8008 Frost Street, Suite 403, San Diego, California, 92123.  The examination shall last no longer than one (1) hour and may include a physical examination of Plaintiff's hips and lower extremities, as well as any non-invasive tests which are ordinarily deemed necessary to examine gait, muscle strength within the hips and lower extremities, hip and leg flexion, range of motion, alignment, and balance.  At the time of the examination Plaintiff shall answer questions of the examiner regarding her current and prior physical condition, prior injuries, and medical history related to her hips and lower extremities.  Counsel will not be permitted to be present during the examination.  Defendants shall bear the cost of the examination.

3. Defendants shall provide Plaintiff with Dr. Sachs' supplemental expert report, which shall include his expert opinions formed following the examination, no later than **August 24, 2015**.

4. The Court will reopen discovery for the limited purpose of allowing Plaintiff to depose Dr. Sachs following receipt of his supplemental report.  If Plaintiff wishes to depose Dr. Sachs, the deposition shall occur no later than **September 4, 2015**.

5. In light of the fact the Court has reopened discovery for a limited purpose, the Court finds good cause to amend the Scheduling Order as follows:

    a. All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **September 18, 2015**.

///
///

        b.      All remaining deadlines and requirements outlined in the December 5, 2014 Scheduling Order remain in effect.  (*See* ECF No. 22.)

**IT IS SO ORDERED**.

DATED: August 6, 2015

                                    DAVID H. BARTICK
                                    United States Magistrate Judge