UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ELIZABETH ROWLAND,

Plaintiff,

v.

PARIS LAS VEGAS, et al.,

Defendants.

Case No.: 13CV2630-GPC (DHB)

**ORDER REGARDING JOINT MOTION TO COMPEL COMPLIANCE WITH DISCOVERY REQUESTS**

**[ECF Nos.  26, 29]**

On July 13, 2015, Plaintiff filed a Joint Motion to Compel Compliance with Discovery Requests.  (ECF No. 26.)  At the time the motion was filed, it did not contain Defendant's portion of the argument.  On July 14, 2015, Defendant re-filed the joint motion to include its portion of the argument.  (ECF No. 29.)  Having reviewed the parties' submissions and supporting exhibits, the Court **GRANTS in part** and **DENIES in part** Plaintiff's request to compel Defendant to produce further responses to Plaintiff's discovery requests.

## I.  BACKGROUND

On March 26, 2014, Plaintiff filed a First Amended Complaint ("FAC") in this action alleging that she slipped and fell while walking barefoot on the polished tile floor of Defendants' hotel room, and broke her hip.  (ECF No. 8.)  On April 27, 2015, Plaintiff

1

served Interrogatories (Set One), Request for Production of Documents (Set One), and Requests for Admissions (Set One) on Defendant Paris Las Vegas Operating Company, LLC.  (ECF No. 29-3, 29-4, 29-5.)  Defendant served written responses to the discovery requests on May 27, 2015, and produced over 800 pages of documents on June 1, 2015.  (*Id.* at 29-6, 29-7, 29-8.)

On June 26, 2015, following the parties meet and confer efforts, Defendant served supplemental responses to some of Plaintiff's document requests.   (*Id.* at 29-9.)  Defendant also served supplemental responses to many of Plaintiff's interrogatories and requests for admissions on July 2, 2015.[1]  (*Id.* at 29-10, 29-11.)

## II. DISCUSSION

The threshold requirement for discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense."  Fed R. Civ. P. 26(b)(1).  In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  The relevance standard is thus commonly recognized as one that is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

However broadly defined, relevancy is not without "ultimate and necessary boundaries."  *Hickman*, 329 U.S. at 507.  Accordingly, district courts have broad discretion to determine relevancy for discovery purposes.  District courts also have broad discretion to limit discovery.  For example, a court may limit the scope of any discovery

---

[1] Plaintiff wholly failed to alert the Court to the fact that Defendant had served supplemental discovery responses, despite the fact that the supplemental responses were served on Plaintiff approximately two weeks before the instant discovery motion was filed.   The Court is troubled by this oversight and admonishes Plaintiff's counsel that the Court expects any future filings to include accurate and current information.

method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(I).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005)).

### A.   Interrogatories Nos. 1, 2, 6, 7, 8, 9, 10, and 11

In Interrogatories Nos. 1, 2, 6, 7, 8, 9, 10, and 11, Plaintiff asks Defendant to identify each person who may have knowledge of various contentions, as well as state each fact known for each person.  In response, Defendant has provided a list of names. Plaintiff argues this is insufficient because Defendant failed to state all facts known by each of the listed individuals.  Plaintiff complains that she should not have to depose the witnesses to obtain the information she seeks.  Defendant argues that Plaintiff's "contention interrogatories" are improper because it has not made any contentions in this case, the interrogatories contain improper subparts, it would be overly burdensome to require Defendant to compile an exhaustive narrative of each and every fact for every witness, and it would violate the attorney-client privilege and work product doctrine to do so.

Although Defendant may not have made contentions in the traditional sense, Defendant has articulated formal responses to Plaintiff's allegations in its Answer. Therefore, the Court finds it is appropriate for Defendant to respond to Plaintiff's interrogatories, and provide information upon which it will rely on to deny Plaintiff's claims.  However, "[c]ontention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony supporting witnesses, and the contents of supporting documents." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. New Mexico 2007).  "[T]o the extent Plaintiff seeks

every minute detail and narratives about the subject incident and every possible surrounding circumstance, written discovery is not the proper vehicle to obtain such detail." *Bashkin v. San Diego County*, 2011 WL 109229, *2 (S.D. Cal. Jan. 13, 2011).

With regard to Interrogatories Nos. 1 and 2, the Court finds Defendant's responses are incomplete. Although Defendant need not provide a detailed narrative, Plaintiff is entitled to a brief description of why Defendant has listed these individual witnesses. Therefore, Defendant is directed to supplement is responses to provide a brief factual description of why Defendant believes the individuals identified in its responses have relevant information regarding the negligence and comparative liability issues.

As to Interrogatories Nos. 6, 7, 8, 9, and 10, the Court finds Defendant's supplemental responses are satisfactory. The expert designations and disclosures will provide further information sought by these interrogatories. Accordingly, the Court will not compel further responses at this time.

Finally, with regard to Interrogatory No. 11, the Court finds Defendant has appropriately responded that it does not have any knowledge or information to provide in response. Therefore, the Court will not compel a further response at this time.

## B. <u>Interrogatory No. 5</u>

In Interrogatory No. 5, Plaintiff requests Defendant to:

> IDENTIFY each PERSON who complained, reported, or otherwise informed YOU that the tile floor in the hotel rooms at Paris Las Vegas Hotel & Casino was slippery, at any time from day one through present.

(ECF No. 29-3 at 6.)

Defendant argues that this interrogatory is irrelevant and grossly overbroad. Defendant also argues it cannot disclose information regarding its guests without violating the privacy rights of third parties. Plaintiff contends the interrogatory relates to the issue of prior notice of the slippery condition of the floor.

The Court finds Interrogatory No. 5 seeks relevant information, but is overbroad as to time. Therefore, the Court finds it is appropriate to limit the temporal scope of

4

Interrogatory No. 5 to the last five years.  Further, the Court finds that requiring disclosure of the addresses and telephone numbers of prior hotel guests would violate the privacy rights of third parties.  "Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Zuniga v. Western Apartments*, 2014 U.S. Dist. LEXIS 83135, at *8 (C.D. Cal. Mar. 25, 2014) (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006)).  However, this right is not absolute; rather, it is subject to a balancing test.  *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012). "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'"  *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (quoting *Wiegele v. Fedex Ground Package Sys.*, 2007 U.S. Dist. LEXIS 9444, at *2 (S.D. Cal. Feb. 8, 2007)).  "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.'"  *Id.*   Here, Plaintiff has not addressed these privacy concerns, much less demonstrated that her need for the information outweighs the third party privacy interests.  Therefore, the Court will not require Defendant to produce addresses or telephone numbers in response to Interrogatory No. 5.  Defendant is directed to file a supplemental response to Interrogatory No. 5, as limited by the Court.

## C.   Request for Production Nos. 5, 6, 7

In Request for Production Nos. 5, 6 and 7, Plaintiff seeks documents relating to prior incidents, complaints, or reports of slippery tile floors in Defendant's hotel rooms.  Defendant objected to the requests, stating they are irrelevant, overbroad and unduly burdensome, may potentially disclose attorney-client privileged information, and violate the privacy rights of third parties.

The Court finds the requests seek relevant information.  However, they suffer from the same defect as Interrogatory No. 5 – they are overbroad as to time and implicate privacy concerns of third parties.  Accordingly, the Court will limit the scope of Request

for Production Nos. 5 and 6 to requesting documents from the last five years.  Defendant may redact any personal identifying information of third parties contained in the documents.  Further, to the extent the documents may disclose attorney-client communications, Defendants may withhold the documents, but must provide a privilege log.  Defendant is directed to file a supplemental response to Request for Production Nos. 5 and 6, as limited by the Court.  With regard to Request for Production No. 7, the Court finds Plaintiff has not demonstrated a need for the information that outweighs the third party privacy interests.  Accordingly, the Court declines to compel a further response to Request for Production No. 7.

### D.  <u>Request for Production Nos. 8, 9, 10, 11, 12, and 13</u>

In Request for Production Nos. 8, 9, 10, 11, 12 and 13, Plaintiff seeks documents relating to Defendant's response to Plaintiff's allegations that she suffered a broken hip, experienced physical pain, mental suffering, emotional distress, loss of enjoyment of life, and that she incurred monetary damages.  Defendant served supplemental responses to these requests, affirming that it has produced all non-privileged responsive documents.  The Court finds Defendant's responses are sufficient and will not compel a further response to Request for Production Nos. 8, 9, 10, 11, 12, and 13.

### E.  <u>Request for Admission Nos. 1, 2, 3, and 4</u>

In Request for Admission Nos. 1, 2, 3 and 4, Plaintiff requests that Defendant admit that it owned, operated, maintained, and controlled the hotel at the time of incident. Defendant states that it has properly responded, and that the ownership of the hotel is not at issue.  The Court has reviewed Defendant's supplemental responses and finds that Defendant fails to actually admit or deny each request.  Pursuant to Federal Rule of Civil Procedure 36, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the party admitted and qualify or deny the rest."  Accordingly, Defendant is directed to file supplemental

responses to Request for Admission Nos. 1, 2, 3, and 4, and formally admit or deny each request as to whether Paris Las Vegas Operating Company, LLC was the owner of the hotel at the time of the incident.

**F.    Request for Admission No. 10**

In Request for Admission No. 10, Plaintiff asks Defendant to admit that it received prior complaints, reports, or other information from guests that the file floor in its hotel rooms were slippery.  Defendant objected to this request on grounds that it is overbroad and irrelevant.  The Court finds the Request seeks relevant information.  However, it is overbroad as to time.  Therefore, the Court will restrict the temporal scope of Request for Admission No. 5 to the last five years.  Defendant is directed to file a supplemental response to Request for Admission No. 10, as limited.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel Defendant to produce further responses to Plaintiff's discovery requests is **GRANTED in part**, and **DENIED in part** as follows:

1.    Defendant shall provide supplemental responses to Interrogatories Nos. 1, 2, and 5; Request for Production Nos. 5 and 6; and Request for Admission Nos. 1, 2, 3, 4, and 10, as outlined above.

2.    The Court declines to order further responses to Interrogatories Nos. 6, 7, 8, 9, 10, and 11; and Request for Production Nos. 7, 8, 9, 10, 11, 12, and 13.

3.    Defendant shall provide its supplemental responses to Plaintiff no later than **September 1, 2015**.

IT IS SO ORDERED.

Dated:  August 11, 2015

Hon. David H. Bartick
United States Magistrate Judge

13CV2630-GPC (DHB)