UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROWLAND,<br><br>              Plaintiff,<br><br>v.<br><br>PARIS LAS VEGAS, et al.,<br><br>              Defendant. | Case No.: 13cv2630-GPC (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 53]** |

On December 11, 2015, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 53.) During the parties' Rule 16.1 meeting of counsel, Defendant inadvertently produced 24 pages of documents to Plaintiff. On the basis of that inadvertent disclosure, Plaintiff requests the Court reopen discovery, allow additional expert witnesses to be designated, continue trial, and impose a myriad of sanctions against Defendant. Defendant opposes the motion, and also requests monetary sanctions against Plaintiff. Having reviewed the parties' submissions and supporting exhibits, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion, as outlined below.

/ / /

/ / /

/ / /

/ / /

# I. BACKGROUND

Discovery has been open in this case since November 2014. On December 5, 2014, the Court issued a Scheduling Order, which required the parties to complete all discovery by July 17, 2015.[1] (ECF No. 22.) The Court also ordered that all expert witness designations were due by April 17, 2015, and that all expert disclosures had to be served by June 19, 2015. (*Id.*; ECF No. 24.)

On April 27, 2015, approximately five months after discovery opened, Plaintiff propounded her first set of written discovery on Defendant. (ECF No. 53-17 at 2-7; 36-41; 60-65.) Among other things, Plaintiff requested that Defendant identify: each person who cleaned, prepped, or otherwise readied Plaintiff's hotel room; each person who entered Plaintiff's hotel room on the day of the incident; each person who entered the room on the day after the incident; and each person who carried out the policies and procedure for cleaning and polishing the tile floors in the hotel rooms. (*Id.* at 6-7, Interrogatories Nos. 4, 13, 14, 16.) Defendant served written responses to the discovery requests on May 27, 2015 and produced responsive documents on June 1, 2015. (ECF Nos. 53-1 at ¶ 6; 53-4, 53-5, and 53-6.) Defendant initially indicated in its written responses that the information Plaintiff requested was not known at that time. (ECF No. 53-6 at 5-6, 10-12.)

On June 2, 2015, and June 16, 2015, Plaintiff served a second and third set of written discovery requests. (*Id.* at 91-95; 103-107; 111-115; 122-126; 136-140; 150-156.) Plaintiff requested that Defendant identify each person who inspected the tile floor upon which Plaintiff allegedly fell, and produce each document relating to Defendant's inspection of the tile floor. (*Id.* at 95, Interrogatory 23; 115, Request for Production 20.)

On June 19, 2015, defense counsel sent an email to Plaintiff's attorney, indicating Defendant believed Leonarda Gonzalez was the person who cleaned Plaintiff's room prior

---

[1] On August 8, 2015, the Court reopened discovery for the limited purpose of allowing Plaintiff to depose defendant's expert Dr. Sachs after he submitted a supplemental report following Plaintiff's Independent Medical Examination. (ECF No. 34.) Plaintiff ultimately declined to depose Dr. Sachs. (ECF No. 53-1 at ¶ 17.)

to her arrival on May 16, 2013. (ECF No. 53-13.) On June 25, 2015, Defendant served Second Amended Rule 26 Initial Disclosures on Plaintiff, which listed Leonarda Gonzalez as a person who may have information regarding the cleaning and/or preparation of Plaintiff's hotel room prior to her arrival. (ECF No. 53-7.)

On July 2, 2015, Defendant provided supplemental responses to Plaintiff's first set of interrogatories, and again identified Leonarda Gonzalez as the housekeeper who prepared Plaintiff's hotel room. (ECF No. 53-8.) Defendant also responded to Plaintiff's second set of discovery requests on July 2, 2015. (ECF No. 53-17 at 96-102; 108-110; 116-121.) Defendant responded to Plaintiff's third set of discovery requests on July 16, 2015, and provided supplemental responses on August 21, 2015. (*Id.* at 127-130; 131-135; 141-144; 145-149; 157-175; 176-181.)

On July 16, 2015, Defendant produced redacted copies of housekeeping records. (ECF Nos. 53-1 at ¶15; 53-18.) The documents included "GRA Assignments" and "Housekeeping Room Status Reports." (*Id.*) The documents were redacted with white bands and the word "REDACTED" was placed over the redacted areas. (*Id.*)

During the discovery period, the only deposition Plaintiff took was of Catherine Benson, a former employee of Defendant. (ECF No. 53-1 at ¶ 10, 13.) Plaintiff noticed the deposition of Defendant's Person Most Knowledgeable ("PMK") for July 17, 2015, which was the final date of discovery. (ECF No. 53-10.) However, Plaintiff cancelled the deposition on the day before it was scheduled. (ECF No. 53-1 at ¶12.)

On November 18, 2015, the parties participated in the Rule 16.1 Meeting of Counsel conference. During the conference, Defendant inadvertently produced 24 pages of documents to Plaintiff. (ECF No. 53-1 at ¶23.) The documents included copies of the "GRA Assignments" which were redacted to a lesser extent than the versions produced in discovery. The documents also included "GRA Passkey Control Sheets" which had not been previously produced. (*Id.* at ¶ 24.)

On December 2, 2015, the Court ordered Plaintiff to return the inadvertently produced documents to Defendant. (ECF No. 48.)

## II. DISCUSSION

Based on the documents that were inadvertently produced, Plaintiff argues Defendant willfully concealed evidence. Plaintiff asks the Court to reopen discovery to allow her to obtain unredacted copies of the housekeeping records and depose the housekeepers, permit her to designate additional expert witnesses, continue trial, and impose monetary and non-monetary sanctions against Defendant. Defendant counters that it has complied with its discovery obligations, and that Plaintiff has failed to diligently prosecute this action. Defendant also requests sanctions against Plaintiff and her counsel.

### A. Legal Standard

"The decision to modify a scheduling order is within the broad discretion of the district court." *Mondares v. Kaiser Found. Hosp.*, No. 10-CV-2676-BTM(WVG), 2011 U.S. Dist. LEXIS 128413, at *3 (citing *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Federal Rule of Civil Procedure 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*; *see also J.K.G. v. Cnty. of San Diego*, No. 11cv0305 JLS(RBB), 2012 U.S. Dist. LEXIS 126195, at *3 (S.D. Cal. Sept. 5, 2012) ("The court should not amend a scheduling order that was issued unless the party requesting the modification can show good cause.") (citing Fed. R. Civ. P. 16(b)(4)); *Mondares*, 2011 U.S. Dist. LEXIS 128413, at *4 ("If the party seeking modification was

not diligent in his or her pretrial preparations, the inquiry should end there and the measure of relief sought from the Court should not be granted.") (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). "The party seeking to continue or extend the deadlines bears the burden of proving good cause." *Id.* (citing *Zivkovic*, 302 F.3d at 1087; *Johnson*, 975 F.2d at 608). *See also Rich v. Shrader*, No. 09-CV-0652-AJB (BGS), 2013 U.S. Dist. LEXIS 98184, at *5-6 (S.D. Cal. July 11, 2013) ("In order to demonstrate good cause, a party must demonstrate its diligence in taking discovery since the case management conference, its diligence in propounding or noticing the particular outstanding discovery, and explain why the parties could not exchange the particular discovery before the discovery cut-off date.").

"Allowing parties to disregard the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 05 cv 3749 (KMW)(DCF), 2009 U.S. Dist. LEXIS 100478, at *17 (S.D.N.Y. Oct. 28, 2009) (citation omitted) (internal quotation marks omitted).

**B. Plaintiff's Request to Reopen Discovery**

Here, the Court does not find good exists to reopen discovery to the extent requested by Plaintiff. First, Plaintiff has failed to show that she diligently pursued discovery in this case. Plaintiff was made aware of the identity of Leonarda Gonzalez prior to the discovery cutoff, and yet never noticed her deposition.[2] Plaintiff has not explained why she did not pursue the deposition earlier. Therefore, the Court will not allow Plaintiff to depose Ms.

---

[2] Plaintiff argues Defendant wrongfully concealed Ms. Gonzalez's identity in its initial production of the "GRA Assignment" records. Plaintiff contends Ms. Gonzalez's name was completely whited-out from the "GRA Assignment" record dated May 17, 2013 and the redaction was not noted. However, the Court has reviewed the unredacted version of this document *in camera* and notes that Ms. Gonzalez's name is simply not on the document. Therefore, it does not appear that Defendant improperly redacted her name. In any event, Defendant identified Ms. Gonzalez in advance of the discovery cutoff. Thus, the Court does not find that Defendant acted in bad faith.

Gonzalez at this late stage in the litigation.

Second, the Court finds the "GRA Passkey Control Sheets" are not responsive to Plaintiff's discovery requests, and therefore, further discovery related to these documents is not warranted. The "GRA Passkey Control Sheets" do not show who entered, cleaned, or inspected Plaintiff's hotel room. According to the declaration of Hayden Walker, the "GRA Passkey Control Sheets" track which employees have master key access to certain floors on a given day. (ECF No. 53-15 at ¶ 4.) However the documents do not provide any information regarding who, if anyone accessed Plaintiff's hotel room. (*Id.*) The Court has reviewed these documents *in camera*, and notes that on their face they do not provide any specific information about any particular hotel room. Further, there is no indication that the individuals listed on the documents gained entry into Plaintiff's room. Accordingly, the Court declines to order Defendant to produce these records to Plaintiff or permit Plaintiff to depose the individuals listed on the "GRA Passkey Control Sheets."

Third, the Court notes that Plaintiff complains that Defendant did not produce records for May 16, 2013, which was the day of the alleged incident. However, Plaintiff has waived this argument by failing to timely raise it in a motion to compel. Defendant produced the "GRA Assignments" records and "Housekeeping Room Status Reports" to Plaintiff approximately five months ago, on July 16, 2015. If Plaintiff believed the document production was incomplete because it was missing documents from May 16, 2015, or any other date, Plaintiff had 45 days to file a discovery motion. *See* Judge Bartick's Civil Chambers Rules IV(C) (requiring parties to file discovery motions within 45 days of the date giving rise to the dispute). The fact that the records did not include documents from May 16, 2015 would have been apparent at the time of production. Therefore, the Court finds there is not good cause to extend the time for Plaintiff to challenge the document production, and declines to reopen discovery for the purpose of compelling further document production from Defendant.

Finally, despite Plaintiff's general lack of diligence, the Court does find good cause to reopen discovery to a limited extent based on two of the documents that Defendant

inadvertently produced. In Defendant's initial production it produced "GRA Assignments" records from May 13, 2013 and May 17, 2013. (ECF No. 53-18 at 2, 6.) On the upper left hand corner of those documents there is a small box, where Defendant indicated the text was redacted. (*Id.*) Copies of these same documents were included in Defendant's inadvertent disclosures, but without the redaction in the upper left hand corner. The unredacted documents show the name "Ruby" on the May 13, 2013 record, and "Rose" on the May 17, 2013 record. "Ruby" and "Rose" are the names of the supervisors who were on duty on May 13, 2013 and May 17, 2013, respectively. (ECF No. 53-15 at ¶ 3.) As supervisors, these individuals presumably would have been responsible for the maintenance of the room. Because of the nature of the redactions, the Court finds it would not have been readily apparent to Plaintiff that the supervisors' names had been redacted. Thus, Plaintiff was not on notice that a motion to compel might have been necessary. Accordingly, the Court will reopen discovery for the limited purpose of requiring Defendant to identify "Ruby" and "Rose," and will give Plaintiff an opportunity to depose these two individuals if she chooses.

### C. Plaintiff's Request to Designate Additional Expert Witnesses

The deadline for the parties to identify expert witnesses expired approximately 8 months ago, and the expert reports deadline elapsed approximately 6 months ago. Upon review of the inadvertently produced documents, the Court determines that there is nothing in the documents that raises new or novel issues that would justify reopening the expert deadlines. Accordingly, the Court denies Plaintiff's request to designate additional expert witnesses.

### D. Plaintiff's Request to Continue Trial

Trial in this case is currently scheduled for February 22, 2016. The Court finds that even with reopening discovery for a brief period, it is unnecessary to continue trial. Therefore, Plaintiff's request to continue trial is denied.

/ / /

/ / /

**E. The Parties' Requests for Sanctions**

Plaintiff requests the Court impose a variety of sanctions against Defendant including: an award of attorney's fees and costs associated with deposing further witnesses; evidentiary sanctions; an adverse inference instruction; terminating sanctions in the form of striking Defendant's Answer and entering default; and monetary sanctions associated with the filing of the instant motion in the amount of $14,980.00. Defendant requests monetary sanctions against Plaintiff under Rule 37(a)(5)(B) in the amount of $8,480.00.

The Court finds Defendant has not violated the Federal Rules of Civil Procedure, 28 U.S.C.§ 1927, the Court's Local Rules, or the Rules of Professional Conduct. Plaintiff's request for monetary and non-monetary sanctions is therefore, denied. The Court further declines, in its discretion, under Rule 37(a)(5)(C), to impose monetary sanctions against Plaintiff.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to reopen discovery is **GRANTED IN PART** as follows:

   a. No later than **December 29, 2015**, Defendant shall produce to Plaintiff copies of the "GRA Assignments" records from May 13, 2013 and May 17, 2013 with the names of the supervisors "Ruby" and "Rose" unredacted. Defendant shall simultaneously provide Plaintiff with identifying information for the individuals named "Ruby" and "Rose."

   b. Discovery shall be reopened for the limited purpose of permitting Plaintiff to depose the individuals identified as "Ruby" and "Rose." No other depositions are permitted. The depositions will be at Plaintiff's cost. The depositions must be completed no later than **January 22, 2016**.

   c. Plaintiff's request for all other discovery is **DENIED**.

2. Plaintiff's motion to designate additional expert witnesses, continue trial, and for monetary and non-monetary sanctions is **DENIED**.

///

1      3.     Defendant's motion for monetary sanctions is **DENIED**.

2      IT IS SO ORDERED.

3 Dated: December 22, 2015

                                                    Hon. David H. Bartick
                                                    United States Magistrate Judge